IN THE UNITED STATES MAGISTRATE COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | ACTION NO. 7:21-PO-0001 |
| EDUARDO LEAL | * | |

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 29(c)**

I. **THIS COURT ERRED IN CONSTRUING TITLE 16 U.S.C. § 668dd(c) TO MAKE AUTHORIZATION AN AFFIRMATIVE DEFENSE RATHER THAN AN ESSENTIAL ELEMENT OF THE OFFENSE, AND UNDER THE CORRECT CONSTRUCTION, THE EVIDENCE IS LEGALLY INSUFFICIENT TO PROVE THE LACK OF AUTHORIZATION ELEMENT.**

   a. **Statutory Exception: Element or Affirmative Defense?**

In *Vuitch*, the U.S. Supreme Court observed that "[i]t is a general guide to the interpretation of criminal statutes that when an exception is incorporated in the enacting clause of a statute, the burden is on the prosecution to plead and prove that the defendant is not within the exception." *United States v. Vuitch*, 402 U.S. 62, 70 (1971) (emphasis added).

As in *Vuitch,* the authorization exception is built into the enacting clause of § 668dd(c)—making it an element—as underlined below:

> No person shall disturb, injure, cut, burn, remove, destroy, or possess any real or personal property of the United States, including natural growth, in any area of the System; or take or possess any fish, bird, mammal, or other wild vertebrate or invertebrate animals or part or nest or egg thereof within any such area; or enter, use, or otherwise occupy any such area for any purpose; unless such activities are performed by persons authorized to manage such area, or <u>unless such activities are permitted either under subsection (d) of this section or by express provision of the law, proclamation, Executive order, or public land order establishing the area, or amendment thereof</u> . . .

16 U.S.C. § 668dd(c).

This Court cites the *Kloess* and *Guess* cases to support that the authorization exception is not an element,[1] but the reasoning in those cases supports that the exception

---
[1] *See* Memorandum and Order, pg. 10.

is an element. The *Kloess* Court applied a three-factor test to analyze whether an exception contained in a criminal statute is an element or an affirmative defense, stating:

> First, we look at the language and structure of the statute itself to determine whether the exception is part of the general statutory offense. Second, we look at the legislative history of the statute to determine whether Congress intended to make the exception an element of the crime. Finally, we look to see whether the government is well-situated to adduce evidence tending to prove the applicability of the exception. Id. If the answers to these three questions are "yes," then the exception is an element of the offense.

*United States v. Kloess*, 251 F.3d 941, 944 (11th Cir. 2001).

The first factor—whether the exception is part of the general statutory offense—essentially restates *Vuitch*'s general rule of statutory interpretation that an exception incorporated in the enacting clause is an element. Unlike § 668dd(c), the exceptions contained in the statutes under review in *Kloess* and *Guess* were not incorporated into the enacting clause. See *Kloess*, 251 F.3d at 945 (observing that "[the exception] appears in a distinct clause, in a different section of the statute. *This suggests that it is not an element of the crime of obstruction of justice*") (emphasis added); *United States v. Guess*, 629 F.2d 573, 576 (9th Cir. 1980) (same).

Regarding the second *Kloess* factor—i.e., whether Congress intended to make the authorization exception an element of the offense—the defense would note that § 668dd(c) provides an exceedingly broad description of the authorization sources to include "subsection (d) of this section or by express provision of the law, proclamation, Executive order, or public land order establishing the area, or amendment thereof." 16 U.S.C. § 668dd(c). Given the level of generality, this Court observed that "it would be practically impossible for the Government to prove the negative that no authority allowed the offense conduct." Memorandum and Order, pg. 13 fn. 10.  However, this broad description is understandable considering that Congress passed § 668dd(c) to describe a crime that could possibly occur on all National Wildlife Refuge Systems across the United States, of which there are now 567 to date in counting. See https://www.doi.gov/blog/celebrating-national-wildlife-refuges. It is therefore no surprise that Congress described the authorization exception so broadly because, by statute, permissible recreational uses would be spelled out under each refuge's comprehensive conservation plan, among other sources. The fact that the authorization exception is described in broad terms does not say one way or the other whether Congress intended to make the authorization exception an element or an affirmative defense.

The third *Kloess* factor—ease of proof—concerns "whether the government or the defendant is better equipped to prove facts that would allow them to take advantage of a statutory exception." *Kloess*, 251 F.3d at 946. "Where the defendant is in the better position to adduce the relevant evidence, [courts] ordinarily view the exception as an affirmative defense." *Id.* In *Kloess*, the exception at issue involved "whether a defendant was providing lawful, bona fide legal representation in connection with or anticipation of an official

proceeding." *Id.* The *Kloess* Court correctly found this to be "an issue which the defendant will usually be in the better position to raise in response to" the charge of obstruction of justice. In contrast to the exception in *Kloess*, the exception here deals with whether otherwise prohibited activity would be permitted under "subsection (d) of this section or by express provision of the law, proclamation, Executive order, or public land order establishing the area, or amendment thereof." The ease-of-proof factor clearly supports that the authorization exception is an element because the Government better positioned than the defendant to know the legal sources governing permissible uses on its own land.

For these reasons, this Court erred in construing § 668dd(c) to make authorization an affirmative defense rather than an essential element.

### b. The Government failed to prove the lack of authorization element beyond a reasonable doubt.

At the outset of this section, it bears mention that the written citation in ACTION NO. 7:21-PO-0001 references 50 C.F.R. § 27.61, which states: "The destruction, injury, defacement, disturbance, or the *unauthorized* removal of any public property including natural objects or private property on or from any national wildlife refuge is prohibited." 50 C.F.R. § 27.61 (emphasis added). This regulation has not yet been referenced by the parties.[2] However, this regulation underscores that only an *unauthorized* removal is a crime and that the Government bears the burden to establish a lack of authorization.

At trial, the Government argued that the defendant's collection of the items at the Refuge was not authorized because the activity fell into none of the permitted activities described under § 668dd(d) or (e), the Plan, or Executive Order 12,996—i.e., hunting, fishing, or wildlife observation. The Government further argued that the "material detraction" language found in Section 5.5 of the Plan did not apply insofar as material detraction was only a consideration regarding the above activities (i.e., hunting, fishing, and wildlife observation).

The defense disagrees. Neither § 668dd(d) or (e), the Plan, nor Executive Order 12,996 define the term "hunt." Webster's Dictionary defines the term "hunt" to include, among other things, "to search out: SEEK" and "to attempt to find something." *See* https://www.merriam-webster.com/dictionary/hunt; *see also Smith v. United States*, 508 U.S. 223, 228 (1993) (relying on Webster's Dictionary to discern the ordinary and natural meaning of an undefined statutory term).

The evidence presented by the Government failed to establish—much less establish beyond a reasonable doubt—that the defendant's conduct did not constitute hunting activity, or in the alternative, that such hunting activity materially detracted from or materially interfered with the purposes of the Refuge.[3] *See* FIFTH CIR. PATTERN (CRIM.) JURY

---

[2] The undersigned counsel noticed it in reviewing the court papers in preparation for this filing.

[3] Officer Garcia testified that defendant's activity could, in the aggregate, "negatively impact" the Refuge's status as a habitat for wildlife, as the Memorandum and Order describes the testimony. However,

INSTRUCTIONS § 1.05 (2019) (defining proof "beyond a reasonable doubt" as "proof of such a convincing character that [the factfinder] would be willing to rely and act upon it without hesitation" in finding the defendant guilty).

Additionally, at least as to the wood, the Government failed to present competent testimony that the removal of the wood was not authorized under 43 C.F.R. § 3622.4. (i.e., removal of petrified wood). There was no testimony—competent or otherwise—regarding whether the wood was in fact "petrified."

Finally, the defense respectfully disagrees with the Court's holding that the various legal sources incorporated by reference into § 668dd(c)'s authorization exception merely constitute "*directives* that *the Secretary* or other officials authorize certain recreational activities" and "do not, by themselves, constitute authorizations for members of the public to engage in those activities." Memorandum and Order, pg. 13 (emphasis added in original). The statute *is* the directive to Secretary to formulate a conservation plan that spells out permissible activities. Section 5.5 of the Plan is not a directive to the Secretary but rather the end product of the statutory directive that members of the public may rely on when assessing authorized recreational activities at a particular refuge. Additionally, to hold that § 668dd(c)'s authorization exception is merely a directive to the Secretary renders toothless and superfluous the authorization exception in all cases prosecuted under that section.

Respectfully Submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas
Texas State Bar No.
14003750
Southern District of Texas No. 3233


By /s/ Chris Gonzalez
CHRIS GONZALEZ
Assistant Federal Public
Defender Attorney-in-Charge
Texas State Bar Number 24078576
Southern District of Texas No. 3256152
1701 W. Business Hwy. 83, Suite 405
McAllen, Texas 78501-5159
Telephone: (956) 630-2995
Fax: (956) 631-8647

---

this testimony is wholly speculative and conclusory and, standing alone, legally insufficient to prove material detraction beyond a reasonable doubt.

<u>CERTIFICATE OF SERVICE</u>

I, Chris Gonzalez, certify that on the 18th day of October, 2021, a copy of the foregoing Defendant's Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29(c) was served by Notification of Electronic Filing upon Assistant United States Attorney, Devin Walker, 1701 W. Business Hwy. 83, Suite 600, McAllen, Texas.

<u>/s/ Chris Gonzalez</u>
CHRIS GONZALEZ
Assistant Federal Public Defender